**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JENNIFER LYNNE HONAKER, an
individual a/k/a Jennifer Currie,

      Plaintiff,

v.                                                                Case No. 3:22-cv-589-TJC-PDB

TREMBLE, in his individual and
official capacity, MIKE WILLIAMS,
in his official capacity as Sheriff of
the Consolidated City of
Jacksonville, Florida, CITY OF
JACKSONVILLE, a municipality of
the State of Florida, and JOHN
DOE(S), in his individual and
official capacity,

      Defendants.

_____

**O R D E R**

      This case is before the Court on Defendants City of Jacksonville and

Sheriff Mike Williams' ("City") Motion to Dismiss (Doc. 5). Plaintiff Jennifer

Honaker sues the City and at least one individual Jacksonville Sheriff's Office

("JSO)" officer, alleging they violated her constitutional rights by leaving her

locked and shackled in a police car. (Doc. 4). The City moves to dismiss Count I,

(Doc. 5), and Honaker has responded, (Doc. 17).

## I.   BACKGROUND

Honaker alleges that on or about March 6, 2015, while she was in police custody for violating probation, JSO Officer Tremble transported her to a hospital for a medical appointment. (Doc. 4 ¶ 10). She was riding with another woman and both were shackled. Id. ¶ 11. At some unspecified time, Officer Tremble parked the van in a parking lot, drove off in another vehicle, and left the two women alone and shackled in the van "without any food, water, or ability to use the restroom." Id. After being gone for an unspecified duration, Officer Tremble returned at about 11:00 p.m. and drove Honaker to "the PTDF." Id. ¶ 13. Being left unattended in the van caused Honaker "mental, physical, and emotional pain" resulting in "PTSD," "anxiety and fear," "medical expenses," and loss of earnings. Id. ¶¶ 15–19.

## II.   DISCUSSION

### A.   Failure to State a Claim

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint is sufficient if the allegations, viewed in the light most favorable to the plaintiff, "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A facially plausible claim must provide enough facts to "allow[]

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted).

Count I is Honaker's sole claim against the city: violation of Honaker's constitutional rights under 42 U.S.C. § 1983. (Doc. 4 ¶¶ 20–23). She alleges that Officer Tremble violated her constitutional rights by leaving her unattended and restrained in the police van. Id. ¶ 21. She further alleges that the City is responsible for her mistreatment because it failed to discipline the responsible officers, failed to train them, and created a "practice, custom, or policy" by ratifying their decisions. Id. Alternatively, Honaker alleges that Officer Tremble and any other involved officers were "final policymakers" for the City. Id.

The problem is, aside from these conclusory allegations, Honaker provides no facts showing that the City was involved or responsible for her alleged mistreatment. Municipalities cannot be held vicariously liable for their employees' actions. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). To sue a municipality under § 1983, a plaintiff must show that the municipality caused the alleged offense. Id. at 692. Failure to train; practice, custom, or policy; ratification; final policymaker status—these are all means of connecting a municipality to its employee's conduct. See, e.g., id. at 694–95; Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489–90 (11th Cir. 1997); Garvie v. City of Fort Walton Beach, 366 F.3d 1186, 1189 (11th Cir. 2004); Chabad Chayil, Inc. v. Sch.

3

Bd. of Miami-Dade Cty., 48 F.4th 1222, 1229–30 (11th Cir. 2022). But Honaker's complaint provides <u>no</u> facts to support any of these theories.

Perhaps recognizing the complaint's weaknesses, Honaker's response to the motion to dismiss is brimming with new allegations and details. <u>See</u> (Doc. 17). This is improper. "A court's review on a motion to dismiss is 'limited to the four corners of the complaint.'" <u>Wilchombe v. TeeVee Toons, Inc.</u>, 555 F.3d 949, 959 (11th Cir. 2009) (citation omitted). In other words, "[a] court may consider only the complaint itself and any documents referred to in the complaint which are central to the claims." <u>Id.</u> (citation omitted). Honaker cannot amend or add new facts to her complaint through a response to a motion to dismiss. <u>Connell v. Poynter</u>, No. 8:19-CV-668-KKM-CPT, 2021 WL 2258405, at *10 n.8 (M.D. Fla. June 3, 2021) (collecting cases). The Court will dismiss Count I. Honaker may amend her complaint to attempt to properly support her claims against the City.

### B.    Housekeeping

Two final points on procedure. First, Honaker identifies several "John Doe" defendants. <u>See</u> (Doc. 4). "As a general matter, fictitious-party pleading is not permitted in federal court." <u>Richardson v. Johnson</u>, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted). A fictitiously named defendant may be permitted if the plaintiff provides enough specificity that the John Doe defendant "can be identified and served." <u>Hunter v. Unknown Prosecutor</u>, No. 3:22-CV-826-BJD-

MCR, 2022 WL 3369494, at \*2 (M.D. Fla. Aug. 16, 2022) (citation omitted). None of Honaker's allegations clear this threshold. <u>See</u> (Doc. 4 ¶ 7, 10–19, 25). The complaint lacks any identifying detail for the "John Doe(s)" other than their profession: "sworn law enforcement officers of the JSO." <u>Id.</u> ¶ 7. This is not enough. Any fictitiously named defendants in Honaker's amended complaint must be sufficiently identified.

Second, the Court notes that defendant Officer Tremble and the John Doe defendants have not yet appeared in this case. Based on the City's representations in its Notice of Removal and the Court's review of the attached state court docket, it is not clear whether Officer Tremble or the John Doe defendants were served before the case was removed. <u>See</u> (Doc. 1 ¶ 6); (Doc. 1-3). There is also no indication that Honaker has served Officer Tremble or the John Doe defendants in the five months since this case was removed. <u>Cf.</u> FED. R. CIV. P. 4(m). No later than December 9, 2022, Honaker shall file a status report informing the Court whether Officer Tremble and the John Doe defendants have been timely served. If Honaker has not timely served Officer Tremble and the John Doe defendants, Honaker's status report shall show cause why Count II should not be dismissed as to all defendants.

Accordingly, it is hereby

**ORDERED:**

1.      Defendant's Motion to Dismiss Count I (Doc. 5) is **GRANTED**.

2.      Count I of Plaintiff's Complaint (Doc. 4) is **DISMISSED without prejudice**. Plaintiff shall file any amended complaint no later than **December 9, 2022**.

3.      No later than **December 9, 2022**, Plaintiff shall file a status report informing the Court whether she has properly served Officer Tremble and the John Doe defendants. If she has not timely served Officer Tremble and the John Doe defendants, Plaintiff's status report shall **SHOW CAUSE** why Count II should not be dismissed as to all defendants.

**DONE AND ORDERED** in Jacksonville, Florida the 7th day of November, 2022.

_Timothy J. Corrigan_
TIMOTHY J. CORRIGAN
United States District Judge

rmv
Copies to:
Counsel of record

6